Nichlas P. Spallas, No. 016765
Adam C. Jones, No. 022201
SPALLAS JONES, PLLC
P.O. BOX 64417
Tucson, Arizona 85728-4417
 (520) 615-4112, Ext. 206
nic@spallasjones.com
adam@spallasjones.com
Attorneys for FreedomRoad Financial

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

|  |  |
|---|---|
| In Re: | Case No.    13-21996-SSC |
|  | Chapter 13 |
| GENE O. BRAXTON, | RESPONSE TO DEBTOR'S MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY |
| Debtor. | Hon. Sarah S. Curley |

FREEDOMROAD FINANCIAL (a division of Evergreen Bank Group, an Illinois chartered banking institution, hereinafter "FreedomRoad"), by and through its undersigned attorney, hereby responds to Debtor's Motion for Contempt and Sanctions for Violation of the Automatic Stay.

I.    BACKGROUND

1. On August 10, 2013, Debtor purchased a 2012 Ducati 1199s Panigale, VIN: ************4564 ("Collateral"), for $29,634.87, financed by FreedomRoad, and executed a security agreement granting a lien on the collateral in favor of FreedomRoad.

2. This Ducati model is meant for one passenger, the driver, and is considered a race ready recreational sport bike.

3. After a first payment default, and making only one full payment over a course of several months, FreedomRoad exercised its contractual right to repossess the collateral on December 22, 2013.

4. On December 22, 2013, Debtor contacted FreedomRoad in attempt to have the collateral returned and was informed of the payoff on the accelerated note.

5. Debtor indicated to several FreedomRoad employees that he was going to file for bankruptcy in order to get the collateral back.

6. In an effort to mitigate its losses on a rapidly depreciating recreational sport bike, FreedomRoad initiated transport of the collateral to its auction vendor out of state after it became apparent that the Debtor would not redeem before the 10 day period.

7. On December 30, 2013, Debtor filed for relief under Chapter 13 of the Bankruptcy Code.

8. Upon notification of Debtor's filing, FreedomRoad retained the undersigned counsel to represent their interest.

9. Upon notification of Debtor's filing, FreedomRoad initiated the re-transport of the collateral back to Arizona.

10. A review of this court's docket report indicates Debtor received a deficiency notice from the court requesting schedules, Statement of Current Monthly Income, Paystubs and Declaration of Employer Payments, and a plan within 14 days of the filing of the petition.

11. The above events outlined in 7-9 took place during a "holiday week", meaning, businesses including transport are usually shorthanded.

12. Counsel informed Debtor's counsel that a date certain for return was unavailable due to the timing of the re-transport during a holiday.

13. Motorcycles, especially expensive ones, are not like a fed ex package or letter that can be "overnighted", or even shipped in a few days.

14. Counsel has now been informed that the collateral has arrived back in Arizona and has requested a time and place for re-delivery, which is scheduled to take place January 10, 2014.

15. At no time did FreedomRoad or its counsel refuse to return the collateral, nor did it intentionally slow down or delay its return.

16. FreedomRoad's auction vendor is a dealer only liquidator and does not deal with the public directly as a matter of internal policy for the protection of its facility and employees.

II.    POINTS AND AUTHORITY

Pursuant to *In re Abrams*, 127 B.R. 239 (9th Cir. B.A.P. 1991), the court acknowledged that there is a reasonableness inquiry as to whether the creditor acted to return estate property. (citing *In re Carlsen,* 63 B.R. 706, 710 (Bankr.C.D.Cal.1986) "…holding that such turnover must occur "within a reasonable period of time after notice of bankruptcy." *63 B.R. at 710*).  The determination of what constitutes a reasonable amount of time necessitates a factual inquiry that takes into consideration the timing of the bankruptcy, especially when a case is filed during a holiday time that traditionally leaves companies short staffed, as well as the location of the collateral; in this case out of state.  This Court should can distinguish *Abrams* from the present case as *Abrams* involved a post petition repossession, and an actual refusal to return the property, none of which circumstances are present here.

In the present case, Debtor's motion is premature as there has not been a refusal or delay in return of the collateral.  The entire holiday week traditionally beginning on New Year's Eve presents difficulties in arranging transport.  By the time Debtor had filed his motion, only a day

and a half of actual work days had passed, if in fact transport was available on the day after New Years, not the "four days" as Debtor alleges. Debtor alleges and continues to assert that this collateral is his only form or transportation, and that one and half days of actual work days is a long time to re-transport a specialty bike back to Arizona during a holiday week. Debtor himself, however, did not file for bankruptcy until eight days after the collateral was repossessed. As Debtor's counsel was informed, neither FreedomRoad nor its counsel had actual knowledge of when the motorcycle would be re-delivered but only that the order of re-delivery had been submitted.

The irony of Debtor's allegations of FreedomRoad's delay, lack of location disclosure, and deceptiveness is not lost given the events giving rise to the original purchase of the bike, the appearance that the present bankruptcy was filed as a strategic and targeted tool to accomplish nothing more than the return of an expensive recreational bike, and his failure to disclose any financial or other information to date in his case. For example, even though he alleges that he has missed work, we do not know if he actually does work, or if he does, where he works as historically it appears that he has been self-employed from his home.

FreedomRoad believes that Debtor will simply dismiss his case or let the case be dismissed by deficiency upon fulfilling the stated purpose of his bankruptcy. Obviously, this belief does not impact its requirement to return the collateral, rather, such is more relevant in determining whether relief from the stay should be granted.

Unlike cases that involve creditor repossessing collateral pre-petition and then subsequently refusing to return the same, the collateral at issue has not been willfully retained. This Court should note that there has never been a refusal to return the motorcycle, nor has there been any intentional delay. While it has continually followed up with the re-transport of the

collateral, the transport time frame is out of FreedomRoad's control as it does not drive the specialty trucks, nor is it involved in dispatch. FreedomRoad has acted in good faith at every step of the process, including the filing of a motion for relief from the stay.

Notwithstanding, Debtor's counsel has been informed that collateral has been re-transported to Arizona and has requested a time and place for re-delivery, which will take place tomorrow, Friday the 10th of January.

## III.     CONCLUSION

For the foregoing reasons, Debtor's Motion for Sanctions should be denied as there was and is no willful violation of the stay. Debtor has prematurely filed the present motion as there has been no unreasonable delay, nor refusal in the return of the collateral, given the circumstances of the pre-petition transportation of the collateral out of state, and subsequent request to re-transport during a holiday week. In any event, Debtor's counsel has been informed that the collateral has been re-transported to Arizona and has scheduled re-delivery.

Respectfully submitted this 9th day of January, 2014.

SPALLAS JONES, PLLC.


/s/ Nichlas P. Spallas
Nichlas P. Spallas
SPALLAS JONES, PLLC
P.O. BOX 64417
Tucson, Arizona  85728-4417
Attorneys for FreedomRoad Financial

1 | Copies of the foregoing mailed or emailed
On this 9th day of January, 2014, to:
2

3 | Russell Brown
Chapter 13 Trustee
4 | 3838 N. Central Avenue, Ste 800
Phoenix, AZ 85012
5

6 | Benjamin Wright
Wright Law Offices
7 | 1418 North Scottsdale Road, Ste. 222
Scottsdale, Arizona  85257
8 | Attorney for Debtor

9

10 | By /s/ NS_____